## George W. Welsh v. Richard Richards.

*Cancellation of land contract on vendee's default.*

On default by a vendee in possession of land, the vendor may proceed to have the contract forfeited: though, if inchoate, rights of third persons are protected, the vendee may surrender his contract for cancellation, and give up the premises. And if he has done so in good faith, a subsequent levy upon the land under an execution against him will fail. But if third persons have already obtained a lien on his interest, any conveyance of his interest must be subject to the lien, while a forfeiture would cut off such claims.

Error to Jackson. Submitted June 30. Decided Oct. 14.

Trover by Richards for a crop of wheat threshed and carried away from land which he had bought from Joseph Hawes, by James Welsh who bid off the wheat for the defendant George W. Welsh at a sale on execution against Thomas Watkins who had sown it on the land under a contract with Hawes for its purchase, but had afterwards on making default in payment surrendered the contract and the land to Hawes. Plaintiff recovered and defendant brings error.

*Jas. Gould* and *Wm. K. Gibson* for plaintiff in error.

*J. A. Parkinson* and *J. D. Conely* for defendant in error.

Marston, J. We are of opinion that the plaintiff in error had no cause to complain of the manner in which this case was by the court submitted to the jury. Where a vendee in possession of land makes default, the vendor may at once commence proceedings and have the contract declared forfeited. The vendee may, without compelling his vendor to resort to legal measures, surrender up his contract for cancellation and yield possession of the premises. In other words, the parties may by agree-

41 MICH.—75.

ment accomplish that which the law would if resorted to. The vendor could in this case have recovered possession of the land and the crop levied on, by a resort to legal proceedings, before the crops would have matured or been sold under an execution. In such a case it should be made to appear that the surrender of possession and of the contract for cancellation was made in good faith because of an inability to pay, and to avoid the useless expense of litigation, and not to cut off inchoate rights which third parties may have acquired in the lands or crops growing thereon. Where under the surrender the vendor acquires no right or advantage as against such third party, which he could not have acquired by judicial proceedings, such third party is not injured.

The charge of the court was very carefully given and guarded to protect the rights of all. Under it the jury must have found that possession was taken in fact under and because of the forfeiture, and not under an independent agreement to surrender.

This case is distinguishable from *Nye v. Patterson*, 35 Mich., 414. In that case it appeared that the landlord entered into possession, not because of a forfeiture but under an independent agreement. The charge of the court in this case recognized and followed the rule laid down in *Nye v. Patterson*. There may be cases where a party in possession under a lease or land contract has made default in payment of a stipulated sum, and yet have a valuable interest in the premises which he could not be supposed to willingly surrender up. There are other cases where on like default the interest of the lessee or vendee would be of no value whatever beyond a mere possessory right which he could insist upon and retain pending judicial proceedings, but which might be of but little or no value.

Where a surrender is made in good faith because of the forfeiture on default of payment, the levy must fail. If a forfeiture was permitted and accepted because of the levy and to get rid of it, or if the person in posses-

sion, whether a technical cause of forfeiture existed or not, had a valuable interest in the premises, upon which third parties had obtained a lien, and he conveyed the same, such conveyance would of course be subject to the lien. Where the person takes through or under an agreement he takes subject to the rights acquired by third parties, while a forfeiture cuts off all such claims.

The proper distinction was observed in the charge, and the judgment must be affirmed with costs.

The other Justices concurred.